GALVESTON, H. & S. A. RY. CO. v. WALLRAVEN. (No. 6837.)

(Court of Civil Appeals of Texas. Galveston. Nov. 2, 1915. Rehearing Denied Nov. 24, 1915.)

1. LIMITATION OF ACTIONS ☞185—PLEADING—DEFENSES—DENIAL.

Under Rev. St. 1911, art. 1829, providing that if any special defense is pleaded, the plaintiff shall be required to answer, and that any fact so pleaded which is not denied shall be taken as confessed, plaintiff, in an action against a carrier for damages to household goods, whose petition fixed the date of the accrual of her cause of action within two years next preceding the filing of her suit, was not required to repeat such allegation by a special denial of defendant's plea of the two-year statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 694; Dec. Dig. ☞185.]

2. CARRIERS ☞136 — DELAY IN DELIVERY — QUESTION FOR JURY.

Evidence, in an action for damages to household goods and wearing apparel, held to make defendant's negligence in not delivering the goods to plaintiff after their arrival at destination a question for the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 478, 596–598; Dec. Dig. ☞136.]

Appeal from Galveston County Court; George E. Mann, Judge.

Action by Willie Wallraven against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 160 S. W. 116.

Baker, Botts, Parker & Garwood, of Houston, and W. T. Armstrong and Barret Gibson, both of Galveston, for appellant. Marsene Johnson, Elmo Johnson, and Roy Johnson, all of Galveston, for appellee.

LANE, J. [1] During the preceding term of this court we sustained appellant's first assignment, and reversed the judgment of the lower court in favor of appellee, and rendered judgment for the appellant. The substance of said assignment is that, as appellant, defendant in the trial court, had pleaded in its answer, which was sworn to, that the cause of action declared upon by appellee had accrued more than two years prior to the institution of the suit, and was therefore barred by the two-year statute of limitation, and as appellee had not, as required by law, specifically denied such special defense, the court erred in not instructing a verdict in its favor. At the preceding term of this court appellee filed her motion for a rehearing. Upon further consideration of the case upon said motion we concluded we were in error in our holding, and granted said motion and set aside the judgment so rendered. Upon further consideration we find that appellee's petition clearly fixes the date of the accrual of her cause of action within two years next preceding the filing of her suit, and that, having so done, she was not required to repeat such allegation by special denial of appellant's plea of limitation, and we therefore overrule appellant's first assignment of error. Word v. Bank, 170 S. W. at page 846; Railway Co. v. Pennington, 166 S. W. 467; Memphis Cotton Oil Co. v. Tolbert, 171 S. W. at page 311.

[2] Appellant's second assignment is as follows:

"Because the plaintiff failed, by the evidence introduced by her and in her behalf, to sustain the allegations of paragraph 2 of her first amended original petition, alleging that plaintiff 'delivered, and caused to be delivered, to the defendant's station and freight agent at the said town of San Leon certain personal property, to be shipped by defendant railway company' for this reason: That the plaintiff wholly failed to prove that such freight was delivered to any person bearing the relation of agent to the defendant for the purpose of receiving or shipping such freight, or in any wise binding the defendant by any act as an agent for such purpose."

There was no evidence showing that appellant railway company had a freight agent, or other agent authorized to receive appellee's household goods, or that she delivered the same to any such agent at San Leon, as alleged, but on the contrary, the undisputed evidence shows that appellant had no such agent at San Leon to whom appellee could or did deliver her property. Had the allegation mentioned been the only allegation which would have entitled appellee to recover for

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

her property placed in charge of appellant, no recovery could be had under the proof made. But we find that in the nineteenth section of appellee's petition it is alleged:

"After same [the household goods named] were delivered to defendant by plaintiff, defendant's further negligence and delay in failing to promptly * * * deliver said goods to her within a reasonable time after said goods had reached Galveston was the proximate cause of said injuries, damages, and losses by plaintiff."

The undisputed evidence shows that appellant railway company did take possession of said goods, and did transport them to Galveston; and there was ample testimony that after the goods were transported to Galveston they were permitted by appellant to remain in its depot for six or more days before appellee was advised of their arrival, although she had repeatedly made inquiry for them, to support a finding that appellant was negligent in not delivering said goods to appellee after their arrival in Galveston. Whether this testimony was true or false was for the jury, and it found against appellant on that issue. We therefore overrule appellant's second assignment.

What we have said with reference to appellant's second assignment will also apply to its third assignment. We, therefore, for the same reasons given for overruling the second assignment, overrule the third assignment. What has been said disposes of all of appellant's assignments.

While in every judicial investigation the discovery of the truth and justice should be the aim and desire of the courts, and if this discovery can be had, the paramount effort of the court should be to see that justice is done to all parties to the suit, and while there may be errors committed in the trial of this case which, had they been presented for review, would have caused a reversal of the judgment rendered, we are not at liberty to consider them in the state of this record, and as no such error in the trial of this cause has been presented to us as should cause a reversal of the judgment rendered by the trial court, the same is affirmed.

Affirmed.